Birchard, J.
The merits of this motion depend upon the,solution of one question :
Did the court err in ruling out the evidence offered by defendant?
Admitting that the agreement claimed by plaintiff to have been proved, would, if found to exist, have estopped the defendant from denying his title, it should nevertheless have been left to the jury to find its existence, with instruction, in that event, to disregard the proof that was overruled. Or, if no such agreement was found, then to give to such rejected evidence the consideration to which it was entitled. In assuming *lo find this matter of fact for the jury, and acting upon it, wo think there was error.
The evidence ruled out was, however, legitimate for the purpose of showing that the title and right of possession was in Barker and Holt. The principle that one who is intrusted with property *72 must redeliver it before bo can contest the right to it, is peculiarly applicable as between landlord and tenant in actions of ejectment, but is not applicable to the state of facts made by the plaintiffs proof, and the evidence offered by the defendant. The proof offered, with that rejected, did not make a case of estoppel in pais. Such estoppels are where the party has acquired some advantage by the acts relied upon to estop him, and the opposite party has been defrauded of some right. Courts apply this doctrine on grounds of public policy, and to prevent fraud and imposition to the prejudice of another. The acts and admissions which operate against one by way of preventing him from proving the truth, should be such as in equity and good conscience he ought not to deny.
The proof offered, tended to show that Gray was a mere trespasser, without any right to the possession of the vessel, and that his retention of it from the rightful owner, could have been of no advantage to him ; that he parted with nothing of his own, with nothing that ho could lawfully retain when he placed her in the possession of Allen, and of course that he was not defrauded. By the law, the individuals owning the majority of interest in a vessel, have the right to control her. They may appoint the master, compel him to account to them for her earnings, and may direct the manner of her employment. To these rules Allen was subject, and Gray must be presumed to have known it when he placed him in .command; and if so, the agreement relied on by him, if conscientious on his part, must be understood to have been limited accordingly. New trial granted.